## STRONG *vs.* CATLIN'S ADM'R.

[ACTION FOR WORK AND LABOR DONE,]

1. *Assent of parties to contract.*—A letter, addressed by defendant to plainti and another, requesting them to publish an advertisement in their paper does not authorize the publication of the advertisement by plaintiff alone in his paper ; and such publication not being a compliance with the proposal contained in the letter, there is not that mutual assent which is necessary to constitute a contract.

2. *Statute of limitations. Subsequent promise.*—A parol conditional promise, made since the Code went into effect, to pay a debt which was barred by the statute of limitations existing before that time, is sufficient to remove the statutory bar, on proof of the performance of the condition.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by John D. Catlin, against John M. Strong, " to recover $75, due by account on the 10th January, 1852, for work and labor done and materials furnished by plaintiff to defendant, at the defendant's request "; and was commenced on the 24th March, 1857. The defendant pleaded *non assumpsit,* want of consideration, failure of consideration, fraud in the performance of the work, and the statute of limitations of three years; and the plaintiff replied to the last plea, 1st, that the account sued on was not an open account; and, 2d, a promise to pay within three years.

" On the trial," as the bill of exceptions shows, "the plaintiff proved, by one Glover, that at the fall term,

1853, of the said circuit court of Dallas, he, as the agent of plaintiff, presented to defendant for payment an account in favor of plaintiff, for three months' publication in the ' Camden Republic,' (a newspaper owned by plaintiff, and printed at Camden in Wilcox county,) in 1851, of an advertisement of a school in Selma, called the ' Central Masonic Institute'; that when he presented said account, defendant said, that he was not the person to pay it; that witness replied, 'Mr. Catlin has your letter, requesting the publication'; and that defendant answered, 'If Mr. Catlin has such a letter, I will pay it.' The witness did not remember the amount of the account. Plaintiff next introduced a file of newspapers, entitled the ' Camden Republic', for the year 1851, which purported to be published by John Catlin, and which contained said advertisement for over three months in each weekly number, commencing a few days after the 25th September; and showed said file to the witness, who testified, that it resembled a paper published in Camden, where witness lived in 1851; that he sometimes saw said paper, but was not a subscriber to it; that he had been a collector for plaintiff, for several years, and had collected many accounts for him, for advertisements in said ' Camden Republic.' Another witness testified, after examining said file, that he had been a regular subscriber to the ' Camden Republic' for years past, and received a copy of said paper weekly; that he was satisfied said file was a true file of said paper for the year 1851; that he would not say it was a true file, but that was his opinion. Plaintiff then offered to read said file of papers to the jury, to show the publication of said advertisement; to which the defendant objected. The court overruled the objection, and the defendant excepted."

The plaintiff then produced a letter, dated at Selma, September 25, 1851, signed by the defendant, and addressed to " Messrs. Armstrong & Catlin, editors, Camden, Alabama," in the following words:

" Gentlemen: In compliance with my promise, I enclose you an advertisement, which I wish you to give a conspicuous place in your paper for three months; asking

the favor of you to call the attention of the public to it by a short and appropriate editorial.

Your obedient servant,

JNO. M. STRONG.

P. S.—As ours is a charitable institution, I hope your charge will be as moderate as possible."

"The plaintiff proved, that said letter was in the handwriting of the defendant, who resided at Selma, and, at the date of said letter, was one of the trustees of said *Central Masonic Institute*, which was shown to be incorporated; and then offered to read said letter to the jury. The defendant objected to the admission of said letter as evidence, and excepted to the overruling of his objection. Plaintiff also proved the value of his labor in publishing said advertisement."

"This being all the evidence, the court charged the jury, that if they believed from the evidence that the defendant wrote the letter which had been read to them, and that plaintiff received said letter, with a copy of said advertisement, and performed the labor as requested in said letter, by publishing said advertisement in his paper as requested, then plaintiff was entitled to recover, unless the suit was barred by the statute of limitations."

The court further charged the jury, in effect, that the defendant's promise to the witness Glover, when the latter presented the account to him, was sufficient to prevent the bar of the statute of limitations, "if they further find that the plaintiff then had such a letter."

To each of these charges the defendant excepted, and he now assigns them as error, together with the rulings of the court on the evidence.

GEO. W. GAYLE, for appellant.—1. As to the admissibility of the letter to show a contract between Strong and Catlin, and the charge of the court on that question, see May & Bell v. Miller, 27 Ala. 215.

2. As to the statute of limitations: The letter is not such as Strong referred to in the conversation with Glover, because it was addressed to Armstrong & Catlin, instead

of Catlin alone. Moreover, the proof shows neither an express promise, nor a distinct admission of indebtedness. Evans v. Carey, 29 Ala. 99; Shepherd's Digest, 693, §§ 42, 43, 46.

BYRD & MORGAN, *contra.*—1. There was no plea denying that the plaintiff was the party really interested in the suit, nor was there any evidence that Armstrong & Catlin were the owners or publishers of the newspaper in which the advertisement was printed.

2. The correctness of the charge on the statute of limitations, under the evidence set out in the bill of exceptions, is sustained by the case of Ross v. Ross, 20 Ala. 105; and Angell on Limitations, § 236.

A. J. WALKER, C. J.—The letter from defendant, of 25th September, 1851, was addressed to *Catlin & Armstrong,* and requested them to publish an advertisement in *their* paper for three months. This suit is brought for the publication by *Catlin alone* in *his* paper of an advertisement for three months. To every contract the mutual assent of both parties is indispensable. The only predicate for the inference of the defendant's assent to the contract here, is his letter to Catlin & Armstrong; and the only predicate there could be for the inference of the plaintiff's assent, is the compliance on *his* part with the defendant's request. The contract, to which the defendant assents by the proposal of his letter, differs from that performed, in that the performance was by Catlin alone, and not by Catlin & Armstrong, and that the publication was in the paper of Catlin alone, and not in the paper of Catlin & Armstrong. Whether the variance thus stated may not be shown to be totally immaterial, and be so explained as to demonstrate that there was really no variation in the performance from the proposal which the law deems worthy of consideration, we do not decide. There is nothing in the facts stated in the bill of exceptions, or presented by the hypothesis of the charge, which affords such explanation; and we are not authorized to disregard the variation. We decide, therefore, upon the record before us, that the defendant

Strong v. Catlin's Adm'r.

did not assent to the contract performed by the plaintiff, and that there was not that mutual assent which is necessary to support a contract. If one proposes to another a contract, it must be wholly accepted, or wholly rejected: it cannot be accepted with a difference of terms; and in general it makes no difference that the diversity is small. If the person addressed vary the terms of the proposition, there must be either an express or an implied assent to the modification.—1 Parsons on Contracts, 400, 401; 2 Story on Con. 967, 968; Addison on Con. 1129, 1136; Dixon v. Fletcher, 3 M. & W. 146; Hill v. School District, 17 Maine, 322; Allen v. Cooper, 22 Maine, 136; 2 Parsons on Con. 147.

From what is above adduced in the way of argument and authority, we conclude that the court erred in the first charge given. Whether there may not be some other ground, from which the defendant's assent to the terms complied with by the plaintiff may be implied, will be a subject of inquiry on a future trial. It may be, that the defendant will be bound, if he knew that the plaintiff was publishing the advertisement in his paper, while the publication was in progress, and failed to dissent from it. But upon that point we decide nothing, as it is not before us.—See Addison on Con. 19–20; 1 Story on Con. § 379.

[2.] The question of the statute of limitations in this case, the cause of action having originated in 1851, must be governed by the law as it existed before the adoption of the Code.—Pamphlet Acts of '53–54, page 71. Under that law, a parol conditional promise to pay is sufficient to revive the debt, if the condition has been complied with.—Evans v. Carey, 29 Ala. 99; Angell on Limitations, § 235.

We content ourselves with saying, that if the defendant did, in 1853, make a promise to pay upon a condition, and that condition was complied with, the debt would be taken out of the statute of limitations as to the original cause of action. Upon the effect of the evidence in this case, it is not necessary that we should pass.

The judgment of the court below is reversed, and the case remanded.