[Hart v. Bray.]

# Hart v. Bray & Brothers.

### Action on Common Counts; Plea of Set-off.

1. *Charge misleading jury.* — The judgment will not be reversed on account of a charge given by the court, which has a tendency to mislead the jury, unless it appears that they were misled by it; it is the right and duty of the party excepting to such a charge to ask an explanatory charge.

2. *Assent and intention of parties to contract.* — The mutual assent of both parties is necessary to constitute a contract; and if a proposal by one party includes any qualifying conditions, the acceptance of the proposal is an acceptance of those conditions.

3. *Charge on part of evidence.* — When the testimony of one witness is of such a character that, if believed by the jury, it is decisive of the merits of the case, the court may charge the jury hypothetically in reference to it, without noticing the other evidence.

APPEAL from the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

JAS. L. PUGH, for appellant.

J. M. McKLEROY, and M. B. WELLBORN *contra.*

PETERS, C. J. — In the court below, Bray & Brothers sued Hart in an action on an account, or verbal contract; and Hart pleaded, as a set-off, an amount claimed by him for rent of a storehouse in the city of Eufaula, during the year 1867. The only question raised by the assignment of errors is the objection to the charge of the court below, given on the plaintiff's motion, and excepted to by the defendant, which is set out further on in this opinion. The objection here insisted on is, that this charge " tends to mislead the jury." As a general rule, this is not sufficient to reverse, unless it appears that the jury were really so misled. In such a case, it is the duty of the party objecting to the charge, to ask a proper explanatory charge. *Abraham & Bro.* v. *Nunn,* 42 Ala. 51; *Scully* v. *The State,* 39 Ala. 240; *Fitzpatrick* v. *Hays,* 36 Ala. 684; *Sharpe & Wife* v. *Burnes & Coles,* 35 Ala. 653; *Hughes* v. *Hughes,* 31 Ala. 579; *Kenan* v. *Holloway,* 16 Ala. 53; *Towns* v. *Riddle,* 2 Ala. 694; *Salomon & Boullemet* v. *The State,* 28 Ala. 83; *Cothran* v. *Moore,* 1 Ala. 423; *Knight* v. *Clements,* 45 Ala. 89; *De Phue* v. *The State,* 44 Ala. 32.

But is it the case in this instance that the charge is misleading? The only question before the jury, on the trial below, about which there was any controversy, was, whether the brick store on the corner in the city of Eufaula was rented by the defendant, Hart, on the night of the 26th of November, 1866, to Bray & Brothers, the plaintiffs in this suit, or to Hardy, Beeman & McGehee. The evidence tends to show, that Bray &

[Hart *v.* Bray.]

Brothers, through William H. Bray, one of that firm, asked Hart, on the night of November, 26, 1866, to permit the firm of Bray & Brothers, or the firm of Hardy, Beeman & McGehee, to occupy his said brick store on the corner, in which Hardy, Beeman & McGehee were then doing business. This, of course, had reference to an occupancy to commence after the 1st day of January, 1867 ; because, up to that time, the house was held by Hardy, Beeman & McGehee, under a lease, which did not expire until that date. To this request of Bray, Hart consented ; but he was informed by Bray, at the same time, that if Bray & Brothers occupied the store, they would pay the rent, and if Hardy, Beeman & McGehee occupied it, they would pay the rent. Hart did not object to this ; and Hardy, Beeman & McGehee remained in the possession of the said corner store, after the 1st day of January, 1867 ; and Bray & Brothers occupied the store of John McNab, which they had rented from Hardy, Beeman & McGehee. There was also some evidence that Hart denied that he had rented the store to Hardy, Beeman & McGehee, but insisted that he had rented it to Bray & Brothers ; and there was some testimony that Bray & Brothers denied that they had rented the store from Hart, or had ever bound themselves to pay rent for it. There was, likewise, some evidence that, before November 26, 1866, Hart had refused to rent the store to Hardy, Beeman & McGehee, for the year 1867 ; and some proof, that after January 1st, 1867, Hart was approached by one of the latter firm, about fixing the terms or rate of rent, and Hart told him it would be all right. This was said without any objection to their occupation. There was some other testimony on the trial below, but the view here taken of the case does not render its statement necessary. On this evidence, at the request of the plaintiffs below, the court charged the jury in these words : " If, on the night of the fire and interview between William H. Bray and the defendant, the defendant, Hart, agreed that his corner store might be occupied by either Bray & Brothers, or by Hardy, Beeman & McGehee, and William H. Bray informed him that one or the other firm would occupy it, and that if Bray & Brothers occupied the store, they would pay the rent, and if Hardy, Beeman & McGehee occupied it, Hardy, Beeman & McGehee would pay the rent ; and that afterwards, Hardy, Beeman & McGehee did occupy the store, with the consent of the defendant (Hart), the law imposes upon them the payment of the rent, and not on Bray & Brothers."

2. This is the charge objected to. It is certainly justified by the testimony of Bray, one of the witnesses for the plaintiffs. There can be no contract without an assent of both parties to the same thing. What the thing is they intend, must appear

[Russell v. Redding.]

from the language used and the matter of the contract. 1 Pars. Cont. p. 6; Benj. on Sales, pp. 28, 29; 2 Kent, 450 marg.; *Sanford* v. *Howard*, 29 Ala. 684; *Fall & Caldwell* v. *Gaither*, 9 Port. 605; 2 Pars. Cont. p. 494. A party cannot be held to perform more than he intended, or to assume liabilities he did not intend to assume. Ruthf. Inst. Nat. Law, pp. 102, 103. And if a proposition to enter into an agreement includes any special conditions, which would change the proposition if they are omitted, the conditions become a part of the proposition; and if the proposition is accepted, the conditions go with it, and qualify and control it. *Strong* v. *Catlin's Adm'r*, 35 Ala. 607. There was no modification of Bray's proposition to Hart, that the party who occupied the store was to pay the rents. Under this proposition, with Hart's knowledge, and without any objection by him, Hardy, Beeman & McGehee remained in the occupancy of the store in question, after their lease had expired, on January 1, 1867. If Hart permitted this, and consented to it, as the evidence tends to show, he must be held to have elected to treat them as his tenants, under Bray's proposition, that they were to pay the rent for the period of their occupancy. Rev. Code, §§ 2607, 2608.

3. The charge of the court may be based on the evidence of a single witness in the cause, if it is such as, if true, or believed by the jury, determines the merits of the cause. In such case, it is not necessary to notice the other testimony in the case. Such a charge does not exclude the other evidence from the consideration of the jury, so as to mislead them. If such a tendency to mislead should be apprehended, it may be guarded against by asking explanatory instructions, so as to confine the charge given to its proper limits. *Garrett's Adm'r* v. *Garrett & Garrett*, 27 Ala. 687. The charge in this case was not an infringement of this rule. The objection to it cannot, therefore, be sustained.

The result is that the judgment of the court below is affirmed.