# Black *v.* Williamson & Young.

### Assumpsit.

(Decided February 10, 1917.   74 South. 397.)

Judgment; Default; Proof of Cause of Action.—Where the action was on the common counts, and there was no endorsement on the summons and complaint that the account sued on was verified by affidavit as required by § 2970, Code 1907, as amended, Acts 1915, p. 609, a judgment rendered by default without showing a compliance with the statute, or the execution of a writ of inquiry, or that there was on file an itemized statement verified by a competent witness under § 3971, Code 1907, was erroneous, and will be reversed.

APPEAL from Geneva County Court.

Heard before Hon. A. A. CAMPBELL.

Assumpsit by Dr. Williamson & Young, a partnership, against A. B. Black. Default judgment for plaintiff and defendant appeals. Reversed and remanded.

W. O. MULKEY, for appellant.   J. N. MULLINS, for appellee.

PELHAM, P. J.—The transcript in this case shows that suit was brought in the county court, declaring on the common counts, by the appellee partnership against the appellant to recover a sum certain. There was no indorsement on the summons or complaint that the account sued upon was verified by affidavit, as required by statute to make it competent evidence of the correctness of the account.—Act approved September 17, 1915, amending section 3970 of the Code of 1907 (Acts 1915, p. 609).

[Autrey v. The State.]

Judgment by default was rendered against the appellant, and the judgment entry recites: "And this suit being based on an itemized verified statement of accounts now on file in this court, and plaintiffs' damages therefore being certain,. it is ordered and adjudged that the plaintiffs have and recover of the defendant," etc.

The judgment was rendered without showing a compliance with the statute or the execution of a writ of inquiry, and was erroneous and must be reversed.—*Parsons Lumber Co. v. West Steagall G. & M. Co.,* 163 Ala. 594, 50 South. 1034; *Greer & Walker, et al. v. Lüpfert Scales Co.,* 156 Ala. 572, 47 South. 307. There is nothing in the recital of the judgment entry that would fairly import a finding by the court of the existence of facts showing that there was on file with the clerk of the court an itemized statement of the account sued on, verified by the affidavit of a competent witness, made before and certified by a proper officer having authority under the laws of this state to take and certify affidavits, to bring it under the influence of those cases holding that such recitals in the judgment entry, under the provisions of section 3971 of the Code, dispense with the necessity of a writ of inquiry.

Reversed and remanded.