(75 South. 875)

FLORIDA NURSERY & TRADING CO. v. WATSON. (4 Div. 513.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. JUDGMENT ⬤⟿17(2) — JUDGMENT BY DEFAULT—SERVICE ON AGENT OF CORPORATION —STATUTE.
Under Code 1907, § 5303, as amended by Acts 1915, p. 607, providing that the return of an officer executing summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact, and authorize judgment by default otherwise without further proof of the agency, which fact need not be recited in the judgment, where the return on the summons and complaint against a corporation recited that it was executed on a specified date by leaving a copy of the summons and complaint with a named person "known to me to be the manager of" the company, such return was sufficient to authorize judgment by default against the company without proof of the agency for it of the person served, and it was inessential to the regularity of the proceedings that the judgment show that proof of agency was made.

2. JURY ⬤⟿25(2)—TRIAL BY JURY—ABSENCE OF DEMAND.
By statute, the issues and questions of fact in civil cases at law are tried by the court, unless a jury is demanded.
[Ed. Note.—For other cases, see Jury, Cent. Dig. § 155.]

3. JURY ⬤⟿25(2)—JURY TRIAL—ACTION ON ACCOUNT—STATUTES.
Under Code 1907, § 3971, providing that in all actions on open or stated account, if judgment is taken by default, and there is on file, or plaintiff shall file, an itemized and verified statement of the account, or where there are depositions on file that prima facie prove the correct-

ness of the account, no writ of inquiry shall be necessary, but the court may calculate the amount of interest due, ascertain the total balance due plaintiff, and render judgment accordingly, without the intervention of a jury, in an action against a corporation, defendant suffering judgment by default, though plaintiff demanded trial by jury, the court properly ascertained and assessed damages without writ of inquiry and the intervention of a jury, the statute having no reference to section 3970, as amended by Acts 1915, p. 609, providing when a sworn account is admissible in evidence, so that its application is not dependent on the fact of an indorsement on the summons and complaint that the suit is on an itemized account verified by affidavit.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 155.]

4. JURY ⬤⟿25(8)—TRIAL BY JURY—DEMAND—STATUTE.
In an action against a corporation, the unsigned indorsement on the summons and complaint, "Plaintiff demands a trial by jury," did not comply with the statute providing that, if plaintiff desires trial by jury, he shall indorse his demand in writing on the summons and complaint, etc.
[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 166–168.]

5. APPEAL AND ERROR ⬤⟿932(1) — REVIEW — PRESUMPTION.
Error is never presumed, and, in the absence of contrary showing, the Court of Appeals will presume there was proper evidence on file, in an action on an account, authorizing the court to ascertain the amount that plaintiff was entitled to recover.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3782.]

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by J. A. Watson against the Florida Nursery & Trading Company. From a judgment by default, defendant appeals. Affirmed.

A. Whaley, of Andalusia, for appellant. J. D. Bailey, of Florala, and Jones, Thomas & Field, of Montgomery, for appellee.

BROWN, P. J. [1] This appeal is prosecuted from a judgment by default against the appellant, a corporation. The return on the summons and complaint recites that it was "executed April 8, 1916, by leaving a copy of the within summons and complaint with M. A. Lenear, known to me to be the manager of the Florida Nursery & Trading Co." This return, under the statute which now provides "the return of the officer executing summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact and authorize judgment by default or otherwise without further proof of such agency and this fact need not be recited in the judgment" (Code 1907, § 5303, as amended by Acts 1915, p. 607), is sufficient to authorize a judgment by default without further proof of Lenear's agency, and it is not essential to the regularity of the proceedings that the judgment

should show that proof of agency was made to the court.

[2] Under the statute now in force, and in force at the time the judgment in this case was rendered, the issues and questions of fact in civil cases at law are tried by the court without a jury, unless a jury is demanded. "And if the plaintiff desires a trial by jury, he shall indorse in writing his demand therefor on the summons and complaint, the attachment or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit. If the defendant, or other person occupying the position of defendant or claimant, desires a trial by jury, he shall file a written demand therefor, with the clerk of the court, within thirty days after the perfection of service on him, by indorsing such demand upon his initial pleading, or by a separate written instrument. * * * The failure to demand in writing a jury trial as herein provided shall be deemed and held a waiver of the right of trial by jury, and either party demanding a trial by jury shall not have the right to withdraw such demand without the consent of the opposite party." On the summons and complaint, in the record proper in this case, we find the following unsigned endorsement: "Plaintiff demands a trial by jury."

[3] The defendant, although served with process, suffered judgment by default, and the damages were ascertained and assessed by the court without writ of inquiry and the intervention of a jury, and the appellant now insists that this constitutes reversible error. Treating this unsigned indorsement as a sufficient compliance with the statute we are of the opinion that the action of the court was authorized by section 3971 of the Code, which provides:

"In all actions upon accounts, whether the same be open or stated, if judgment is taken by default, or there is judgment nil dicit, and there is on file in the court, or if the plaintiff shall file at the time an itemized statement of said account, verified by the affidavit of a competent witness, made before and certified by an officer having authority under the laws of this state to take and certify affidavits, or where there are depositions on file that prima facie prove the correctness of said account, then in such case no writ of inquiry shall be necessary, but the court may on motion of plaintiff, calculate, or cause the clerk of the court to calculate, the amount of interest due on such account, and ascertain the total balance due to the plaintiff, and render judgment accordingly without the intervention of a jury."

As we construe this statute, it has no reference to the preceding section, and its application is not dependent upon the fact of an indorsement on the summons and complaint that the suit is on an itemized account, verified by affidavit. The scope and purpose of section 3970 is to make an itemized, verified account competent evidence as to the correctness of the account, unless the defendant, within the time allowed him for pleading, denies, by affidavit, the correctness of the account, and such account, so verified, is admissible in evidence on a contested trial, as well as where there is a judgment by default. Section 3971 has a different field of operation, and only applies to cases where judgment is taken by default or judgment nil dicit is rendered. In such cases, there being no contest, and it being merely a matter of mathematical calculation as to the amount the plaintiff is entitled to recover, the court is authorized to ascertain the amount, or to direct the clerk to ascertain the amount of the account from the written evidence on file, whether such evidence consists of an itemized account, verified as required by the statute, or of written depositions on file, and for such purpose the statute authorizes the filing of an itemized, verified account, at the time the judgment is taken.

This view is emphasized when we consider section 3970 as amended by act approved September 17, 1915 (Acts 1915, p. 609). This statute requires the itemized, verified account, which is made prima facie evidence of the correctness of the account, regardless of whether the case is tried or a judgment by default is taken, to be filed at the time of the commencement of the suit. The purpose of section 3971 is to dispense with the necessity of impaneling a jury in a case wherein there is no contest, and the amount of the account may be determined by a mathematical calculation, thus saving public time and expense; while the purpose of section 3970 is to constitute the itemized, verified account authorized thereby prima facie evidence of the correctness of plaintiff's claim, unless the same is denied by affidavit within the time allowed the defendant to plead, and such evidence may be used on the trial of a case, as well as where a judgment by default is rendered, thus saving the costs and expense incident to the taking of depositions to prove the correctness of the account, and of the summoning of witnesses for that purpose.

[4] The court is further of the opinion that the demand indorsed on the summons and complaint and not signed is not a sufficient compliance with the statute to entitle the plaintiff to a trial by jury, non constat the indorsement was not made by the plaintiff or plaintiff's attorney.

[5] Error is never presumed on appeal, and, in the absence of a showing to the contrary, the court will presume that there was proper evidence on file authorizing the court to ascertain the amount that plaintiff was entitled to recover. Hodge v. Tufts, 115 Ala. 366, 22 South. 422; Burgess Case, 115 Ala. 468, 22 South. 282; Brown v. State, 109 Ala. 70, 20 South. 103; Lunsford v. Dietrich, 86 Ala. 250, 5 South. 461, 11 Am. St. Rep. 37.

There is no error in the record, and the judgment of the trial court is affirmed.

Affirmed.