(78 South. 635)

DUCK BRAND CO. v. DOUGLASS.
(8 Div. 487.)

(Court of Appeals of Alabama. April 9, 1918.)

ACCOUNT, ACTION ON &⟶12 — AFFIDAVITS — EVIDENCE.

Acts 1915, p. 609, amending Code 1907, § 3970, providing that in all suits upon accounts an itemized statement of the account verified by affidavit of a competent witness is competent evidence of its correctness, unless defendant within the time allowed for pleading files an affidavit denying on information and belief its correctness, does not undertake to describe a cause of action nor prescribe a defense, but merely provides a rule of evidence for the proof and denial of the correctness of an account which is cumulative and does not preclude the claim from being otherwise proven nor its correctness from being otherwise attacked. Hence, failure of a defendant to file an affidavit denying the correctness of the account sued on did not preclude him from introducing evidence showing payment.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by the Duck Brand Company against W. S. Douglass. From a judgment for defendant, plaintiff appeals. Affirmed.

W. L. Chenault, of Russellville, for appellant. Travis Williams, of Russellville, for appellee.

BRICKEN, J. The appellant, plaintiff below, declares on the common counts for merchandise sold appellee (defendant below). The complaint bears the indorsement that

the suit is brought on an itemized account, verified by affidavit. The defendant filed pleas setting up payment and the general issue. The cause went to trial on these issues, without objection on the part of the appellant. In the course of the trial, appellant objected to appellee introducing any evidence showing payment of the account sued on, contending that the failure of the defendant to file an affidavit denying the correctness of the account sued on, within the time allowed by law for pleading, precluded the appellee from setting up any defense. In support of this contention, appellant relies upon the act approved September 17, 1915 (Acts 1915, p. 609), amending section 3970 of the Code of 1907. Based on this theory of the statute, the appellant assigns 22 grounds of error.

The appellant's view of the statute is mistaken. This statute does not undertake to describe a cause of action, nor prescribe a defense to any action. Sullivan Timber Co. v. Brushagel, 111 Ala. 114, 20 South. 498. The effect of the statute is merely to provide a rule of evidence for the proof and denial of the correctness of an account. Florida Nursery & Trading Co. v. Watson, ante, p. 159.[1] The rule of evidence here laid down is cumulative and does not preclude the appellant from proving his claim otherwise. Polytinsky v. Stewart, 158 Ala. 179, 48 South. 395. The creditor not being confined to this method of proving his claim, it is without reason to say that, because the statute provides a like means for the debtor in denying the claim, the debtor must perforce be bound by this method of rebutting the creditor's claim. This is a rule that works both ways, and the defendant had the right to elect to defend as in simple account, which he did, or to avail himself of the method of refuting appellant's claim laid down in the statute; one or both.

The action of the trial court in overruling appellant's objections to the evidence and his motion for a new trial based on appellant's theory of the statute in question was free from error.

Affirmed.