(80 South. 448)

C. W. COCHRAN LUMBER CO. v. PATERSON & EDEY LUMBER CO. (1 Div. 40.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. CONTRACTS ⚖⇒15—MUTUAL ASSENT.

There must be a concurrence of intention to constitute a contract, and the minds of the parties must meet as to all the essential elements involved in the contract and as to the subject-matter and as to their respective rights and duties.

2. CONTRACTS ⚖⇒24—OFFER AND ACCEPTANCE —LETTERS.

Letters will not constitute an agreement, unless the answer is a simple acceptance without the introduction of a new term.

3. SALES ⚖⇒22(4) — CONTRACT—MUTUAL ASSENT.

Where defendant by letter offered an indefinite quantity of boards at certain prices for different grades, and plaintiff's letter in reply did not unqualifiedly accept the offer but ordered a minimum quantity and added terms not referred to in offer, there was no mutual assent of parties to the same thing in the same sense, and hence no contract.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Suit by the Paterson & Edey Lumber Company against the C. W. Cochran Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Yerger & Foster, of Mobile, for appellant. Armbrecht, Johnston & McMillan, of Mobile, for appellee.

SAYRE, J. Appellee declared against appellant C. W. Cochran, doing business as the C. W. Cochran Lumber Company, as for the breach of a contract for the sale of lumber. Laying aside the question whether defendant in making the offer of sale shown in evidence acted for himself alone or as the known agent of R. E. Yarbrough, doing business as the Yarbrough Lumber Company, we state the evidence touching the question whether the general charge requested by defendant was properly refused, for that there was in the proof no warrant for an inference of a concurrence of intention between the parties.

Yarbrough had on the yard of his mill at Loper, in this state, a quantity of mixed boards loosely estimated by him at 200,000 feet. It afterwards developed that he had only 138,000 feet. Paterson, of Paterson & Edey Lumber Company, looked over this lumber with a view to buying it; but he and Yarbrough failed to agree as to the price. A few days thereafter, defendant by letter post from Meridian, Miss., sent to plaintiff at Mobile the following communication:

"Mr. Yarbrough at Loper, Ala., has submitted us a price which you offered for some 1x4 and up, No. 1 and No. 2 mixed boards. Also sap stain, asking our opinion with reference to it. The price is too much out of line to accept, as you are aware No. 2 boards have advanced very materially recently. This being long leaf stock, possibly 50 per cent. of the No. 2 and better would run No. 1, price is entirely out of line.

"If you want the stock for $14.50, for the No. 2 & Btr. and $17.00, for the B. & Btr. you may send us the order and we in turn will send to Mr. Yarbrough."

By return mail plaintiff responded:

"We have your letter of the 10th. We are herewith inclosing our order for the boards, on hand at the Yarbrough Lumber Co., and ask that you please sign the white slip and return to us promptly, instructing Yarbrough Lumber Co. to order system cars and load to us at Mobile proper. We are anxious to have these cars in just as fast as the mill can ship them out and we will give you every assistance in getting the cars to forward on."

The order:

"C. W. Cochran Lumber Co., Meridian, Miss.: Please enter our order for the following long leaf yellow pine dry boards as below.

"Subject to confirmation by the Paterson & Edey Lumber Co., Inc., Mobile, Ala.

"Consigned to Paterson & Edey Lbr. Co., Mobile, Ala.

"Ship via ————.

"To be completed soon as possible.

| | Thickness. | Width. | Length. | Price. |
|---|---|---|---|---|
| 125 to 150 M | 1<br>No. 1 and 2 | 4 & up<br>common | 10′ & up | 14.50 |
| 75 to 100 M | 1 | 4 & up | 10′ & up | 17.00 |

F. o. b. cars, Mobile.

"Terms: If inspected at mill by our authorized inspector, 100 per cent. less 2 per cent. discount upon receipt of invoice, inspection report and signed original bill of lading, conforming to our shipping instructions.

"If not inspected at mill by our authorized inspector, 80 per cent. less 2 per cent. discount upon receipt of invoice and original signed bill

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of lading conforming to our shipping instructions.

"The Paterson & Edey Lumber Company, Inc., has the right to accept any portion of any shipment that may be up to above specifications, and may reject any portion that may not be up to said specifications, and shall hold the rejected portion for thirty days at the seller's risk, subject to the disposition of seller, after which time it may be sold by Paterson & Edey Lumber Company, Inc., to cover costs. All freight and other charges applying on shipments to be charged to seller's account and to be deducted accordingly.

"[Signed]      P. & E. Lbr. Co., Inc.
"Accepted: ————"

Without more, defendant sold the boards to the Crichton Lumber Company of Mobile.

[1-3] It is elementary law that there must be a concurrence of intention to constitute a contract—the minds of the parties must meet and concur as to all the essential elements the contract involves, as to the subject-matter, and as to their respective rights and duties. Bissinger v. Prince & Blackman, 117 Ala. 480, 23 South. 67. Without entering upon an extended analysis of the evidence above set forth, we state our conclusion that it failed to show a mutual assent of the parties to the same thing and in the same sense, as the elementary rule is stated in Hodges v. Sublett, 91 Ala. 588, 8 South. 800. Plaintiff did not respond to defendant's offer with an unqualified acceptance. Nor did plaintiff agree that defendant might accept its order for the boards except for the amount and upon the terms set out in the order inclosed with its reply. Defendant had offered no particular amount of boards. Plaintiff ordered a minimum which, as the event disclosed, exceeded the maximum of the boards in negotiation. Plaintiff also added "terms" as to which nothing was said in defendant's offer. The law of contracts did not require defendant to sell except upon the acceptance of his offer in the terms of its proposal. Defendant neither did nor said aught to indicate his acceptance of plaintiff's order upon the terms in which it was made. Letters will not constitute an agreement unless the answer is a simple acceptance, without the introduction of a new term. Derrick v. Monette, 73 Ala. 75. These considerations suffice to support our conclusion that the negotiations between the parties were never finished; the contract was never completed.

It does not answer this conclusion to say that defendant in his final note (written after defendant had sold the lumber to the Crichton Lumber Company) gave as a reason for not selling to plaintiff that the Crichton Lumber Company was first to accept his offer, nor that the real reason may have been that the Crichton Company gave a better price. He had entered upon no contract by which he was bound, and had the right to retire from the negotiation for an insufficient reason, or for no reason. Derrick v. Monette, supra.

Other questions need not be considered.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.