(85 South. 723)

## OWENSBORO WAGON CO. v. BENTON MERCANTILE CO.   (4 Div. 873.)

(Supreme Court of Alabama.   May 13, 1920. On Rehearing, June 30, 1920.)

**1. Contracts ⬉10(4)—Contract not binding as long as right of countermand remains.**

So long as the right of countermand or rescission remains, a contract of sale is not binding on the parties.

**2. Sales ⬉22(4)—Detailed specifications, with different terms of payment, no acceptance of order.**

Detailed specifications by intending purchaser, containing different terms of payment than contained in the original order, in the nature of an option when approval had been given by the seller, was not a compliance with the original order, and was the insertion of new and different terms or conditions, and did not constitute an acceptance or election to purchase, and there was no binding agreement in the absence of an acceptance of such modification by the seller.

**3. Sales ⬉89—Executory contract subject to modification by mutual assent.**

An executory contract of sale is subject to modification by mutual assent.

**4. Sales ⬉89—Burden on party proposing modifications to executory contract to prove modification.**

A purchaser proposing modifications to an executory contract of sale of goods had, in a suit by the seller, the burden of showing acceptance on the seller's part of the modifications proposed.

**5. Sales ⬉89—Acceptance carried conditions brought forward by negotiations.**

Where an executory contract of sale was entered into and negotiations were thereafter entered into, final acceptance by the buyer of the seller's proposition by wire carried the conditions that had been brought forward by the negotiations from the date of the first contract.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by the Owensboro Wagon Company against the Benton Mercantile Company in assumpsit. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

J. L. Murphy and A. R. Powell, both of Andalusia, for appellant.

A contract is not binding on one until both are bound. 5 Stew. & P. 264, 26 Am. Dec. 344; 70 Ala. 144. The minds of the parties never met until the exchange of telegrams on October 20. 50 Ala. 446; 35 Ala. 607; 202 Ala. 366, 80 South. 448; 147 Ala. 629, 41 South. 675; 14 Ala. App. 170, 68 South. 716; 201 Ala. 607, 79 South. 39, L. R. A. 1918F,

667; 9 Ala. App. 178, 62 South. 564; 117 Ala. 480, 23 South. 67; 138 Ala. 235, 35 South. 46.

E. O. Baldwin, of Andalusia, for appellee.

Counsel discusses the errors assigned, but without citation of authority.

THOMAS, J. The suit was for balance claimed on a contract of purchase of wagons. The case was tried on an agreed statement of facts, before the judge without a jury, and judgment rendered for the defendant.

On September 8, 1917, plaintiff's salesman and defendant entered into a written agreement by which defendant would furnish specifications for 10 to 40 wagons to be shipped defendant about October 1st. The writing stated the terms of settlement for the purchase as follows:

"Agree to settle for the above by notes due at 6 months net, or in cash less a discount of 5 per cent. if paid within December 1st days, or —— per cent. discount to be allowed if notes are paid promptly within —— days months from date of invoice"

—and contained a clause that the contract was "subject to countermand," and that the order was taken subject to the approval of the plaintiff at its Owensboro office in Kentucky. Plaintiff, by letter, acknowledged receipt of this contract, declared its approval, called for specifications, and stated that its factory was working "day and night endeavoring to make wagons fast enough to supply the demand," and as a necessity for immediate specifications stated it required "four to six weeks to make shipment after * * * specifications are received."

Defendant sent definite specifications on September 27th, and accompanied the same with different terms of payment than contained in the original order to which approval had been given by plaintiff in its letter of September 4th. This modified or new order contained no right of countermand, and stated as the terms of payment, "Agree to settle for the above by February 1, 1918, net of 5 per cent. 30 and 90 days, less 5 per cent. one-third June 15, 1918, one-third April 1, one-third June 1, 1918," and stipulated that the order was "taken subject to the approval of the Owensboro Wagon Company at their office in Owensboro, Ky."

The record recites admission by defendant that plaintiff would testify as to having written a letter on October 3d to defendant, stating that it could not accept the order as so modified by extension of the time for payment as indicated, advised that on October 1st it had issued notice of withdrawal of all prices on wagons and an advance of 10 per cent., further stating that since the original order was placed a few days before the

advance, plaintiff was willing to give advantage of prices then indicated—February 1, 1918, net or 5 per cent. discount if paid 60 days from date of invoice, or would make half 30 and half 90 days, less 5 per cent., if divided into two payments; that reply was required by return mail "or not later than next Monday, the 8th inst., if you desire to take advantage of these prices." Defendant's testimony was to the effect that it did not receive plaintiff's letter of October 3d; that it did not deny the receipt of the letter of October 8th making specific reference to the change of terms declined by letter of October 3d. On October 8th plaintiff, writing defendant, acknowledging requested change of specifications on one car of wagons, stated:

"We presume when your letter of the 4th was written that you had not received ours of the 3d in which we advised that we could not accept your order on terms made you by Mr. Stuart. We explained our situation to you thoroughly in that letter, and the very best terms that we can allow are February 1st, 1918, net or five per cent. discount if paid in sixty days from date of invoice, and we also advised that if you preferred you might make half less five per cent. in thirty days and half in ninety days."

Plaintiff introduced in evidence telegram from defendant of October 18th: "Ship car wagons. When may we expect them"—and the reply: "Can ship car three to four weeks ten per cent. advance our order September twenty seventh terms per our letter October 30th. Answer." The bill of exceptions recites that the plaintiff introduced the following letter dated October 20, 1917, and admitted that defendant would swear it did not receive same, and defendant admitted that plaintiff would swear it wrote, addressed to defendant at Opp, Ala., mailed and prepaid postage:

"We are in receipt of your telegram reading: 'Ship car wagons when may we expect them,' and have wired you in reply as follows: 'Can ship car three to four weeks. 10 per cent. advance over order September 27th. Terms: Per our letter October 3d. Answer'—which we now confirm. You will recall that we wrote you on October 3d that it would be necessary to hear from you by October 8th, provided you wanted to take advantage of prices on order placed through Mr. Stuart on September 27th on terms set forth in our letter of the 3d. As we received no word from you that it would be satisfactory to enter in accordance with our letter, we * * * considered the matter closed and you have forfeited your right to the wagons at the old price. The advance which became effective October 1st was 10 per cent. as stated in our telegram of this date."

Plaintiff introduced defendant's telegram of October 20th, "Ship car wagons early as possible," and plaintiff's reply that the order was entered in the factory for best attention, and that there would "be some delay in making shipment, for practically all orders have to be manufactured expressly now." So the preshipment correspondence closes. Thereafter followed the correspondence looking to a collection of the amount per advance or 10 per cent. from price stated in original contract of date September 8, 1917, the defendant insisting on a reduction of $166.30, which was denied by plaintiff.

[1] The change of contract on defendant's part from that finding statement in the written instrument of September 8, 1917, cast the burden on defendant to show acceptance by plaintiff of the terms of the contract and how changed; that is to say, to establish acceptance by plaintiff's Owensboro office of the terms of the modified contract. So long as the right of countermand or rescission remains, the contract is not binding on the parties. Dowling-Martin Gro. Co. v. Lysle Milling Co., 83 South. 486; [1] Home Guano Co. v. Int. Agri. Corp., 85 South. 713; [2] Jones v. Lanier, 198 Ala. 363, 367, 73 South. 535; Wood v. Lett, 195 Ala. 601, 607, 71 South. 177; McGowin Lbr. Co. v. Camp Lbr. Co., 192 Ala. 35, 68 South. 263; Comer v. Bankhead, 70 Ala. 136, 144; Eskridge v. Glover, 5 Stew. & P. 264, 26 Am. Dec. 344.

[2] It must be admitted that the contract of September 8th amounted to no more than a mere option to purchase or agreement to sell the articles referred to therein, on terms indicated, until the expression of satisfaction was given on plaintiff's part and the detailed specifications given by defendant. Defendant did not furnish specifications for the articles to the manufacturer on the agreed terms indicated. Defendant's detailed specifications (and modification of original contract) of date September 27, 1917, were not an unconditional compliance with the original order. It was the insertion of new and different terms or conditions therein to which plaintiff had not theretofore agreed. Lawrenceburg Roller Mills Co. v. Jones & Co., 85 South. 719.[3] The subsequent correspondence fails to show that plaintiff did so approve the contract according to the modified terms of September 27th proposed by the defendant. The minds of the parties never met until the exchange of telegrams on October 20th. Until then there was no binding contract so modifying the agreement proposed as to embrace defendant's subsequent or modified terms. Rider v. Wood, 138 Ala. 235, 35 South. 46; Bissinger v. Prince, 117 Ala. 480, 23 South. 67; Cochran Lbr. Co. v. Paterson & Edey Lbr. Co., 202 Ala. 366, 80 South. 448; Gould v. Cates Chair Co., 147 Ala. 629, 41 South. 675.

[3, 4] On the other hand, if there had been approval of the contract of September 8th so as to bind plaintiff, so long as the contract was executory, it was subject to modification

---

[1] 203 Ala. 491.    [2] Ante, p. 274.    [3] Ante, p. 59.

by mutual assent. The modifications proposed by defendant in the new order of September 27th were not final, but extended to and culminated in the exchange of telegrams between the parties on October 20th. The burden was upon defendant to show acceptance on plaintiff's part of the modifications so proposed. Johnson v. McFry, 14 Ala. App. 170, 68 South. 716; Mobile Elec. Co. v. City of Mobile, 201 Ala. 607, 79 South. 39, 40, L. R. A. 1918F, 667.

In Mobile Elec. Co. v. City of Mobile, supra, it was said that the contract in question was more than a mere ratification of the old one; that "it involved a change in the original contract, and there was a re-execution of same as changed, and, while the change may have been slight, it was deemed of importance to the contracting parties, and produced benefits or detriment to the one or the other. 'An agreement, when changed by mutual consent of the parties, becomes a new agreement, which takes the place of the old and consists of the new terms and as much of the old agreement as the parties have agreed shall remain unchanged.'"

[5] When defendant accepted plaintiff's proposition by wire, it carried the conditions that had been brought forward by negotiations from the date of the first contract. Hart v. Bray, 50 Ala. 446; Strong v. Catlin's Adm'r, 35 Ala. 607. The defendant has failed to discharge the burden of proof to show the contract was modified by mutual assent on its insistence.

At the time of bringing the suit plaintiff filed with the complaint and so indorsed thereon an itemized verified account, as provided by statute, showing a balance due after allowing all just credits, on March 4, 1918, of $166.30. Defendant filed no affidavit denying its correctness or any part thereof as provided by the act of September 17, 1915, amending Code, § 3970 (Gen. Acts, p. 609). Black v. Williamson, 15 Ala. App. 573, 74 South. 397; Florida N. & T. Co. v. Watson, 16 Ala. App. 159, 75 South. 875; Duck Brand Co. v. Douglass, 16 Ala. App. 437, 78 South. 635. The case being tried upon agreed statement of facts, and no evidence taken ore tenus, there is no reason to remand the cause upon the reversal thereof, but judgment will be here rendered. Code, §§ 2890, 5361, and section 5359, as amended by Gen. Acts 1915, p. 824; Farmers' B. & T. Co. v. Shut & Keihn, 192 Ala. 53, 68 South. 363; M. L. & T. Co. v. Woods, 194 Ala. 329, 70 South. 119; Twin Tree Lbr. Co. v. Ensign, 193 Ala. 113, 69 South. 525; Bassett v. Powell, 178 Ala. 340, 60 South. 88; Deas v. Garrett, 16 Ala. App. 572, 80 South. 146.

The judgment of the court below is reversed, and one here rendered against the appellee in favor of the appellant, upon the common count as herein indicated, for the amount sued for, to wit, $166.30, with interest thereon from March 4, 1918.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

The judgment is reversed, and the cause remanded; the order of rendition made on original hearing is set aside.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.