(91 South. 784)

**BENTON MERCANTILE CO. v. OWENSBORO WAGON CO. (4 Div. 941.)**

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Dec. 22, 1921.)

1. **Account, action on ⬿14—Itemized statement, verified by affidavit, held competent evidence in suit on account.**

Under Code 1907, § 3970, amended by Gen. Acts 1915, p. 609, an itemized statement showing all the debits, credits; and balance due, verified by affidavit of a competent witness before an authorized official, filed with the complaint with an indorsement that the statement is verified by affidavit, and its correctness not denied by affidavit, is competent evidence of the correctness of the items.

2. **Contracts ⬿16—Contract not binding as long as it is open to approval.**

As long as a contract is open to approval, and subject to modification by mutual consent, it is not binding on the parties.

3. **Sales ⬿23(4)—Contract held not consummated until final telegram was sent.**

After defendant and plaintiff's agent entered into a contract for the sale of wagons, subject to plaintiff's approval, defendant submitted a different proposition. Plaintiff answered by wire, saying he could not accept, but stated terms on which he would accept. Defendant wired plaintiff to ship wagons as soon as possible. *Held*, the contract was not consummated until the final telegram of defendant.

4. **Evidence ⬿181—Copies of letters written by seller to buyer held admissible.**

In an action to recover a balance due on a contract for the sale of wagons, copies of letters written by plaintiff to defendant, when evidence showed that the originals were properly addressed and mailed to defendant, but defendant testified he did not remember receiving them, *held* admissible.

5. **Customs and usages ⬿14—Evidence of custom held inadmissible against express provisions in a contract.**

Where the parties to a contract for the sale of wagons expressly agreed that the buyer should furnish specifications, evidence of the custom of the seller in similar transactions with others is incompetent, since custom cannot change an express contract.

6. **Appeal and error ⬿1008(2)—Finding of trial court, unless clearly wrong, not disturbed.**

Where a cause was tried by the court, after waiver of a jury, pursuant to Code 1907, § 5359, a finding of the court upon the facts has the same effect as a verdict of a jury, and will not be disturbed on appeal unless clearly wrong.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by the Owensboro Wagon Company against the Benton Mercantile Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

E. O. Baldwin, of Andalusia, for appellant.

The contract was completed by the acceptance of the order, and could not be changed or modified by either party. 13 C. J. 264; 197 Ala. 443, 73 South. 43. Any proposed modification had no effect on the agreement, unless it is accepted and becomes a part of the new agreement. 80 Ala. 360; 136 Ala. 287, 34 South. 975; 39 Cyc. 1205; The custom of the plaintiff was competent to be shown. 157 Ala. 521, 48 South. 105.

A. R. Powell and J. L. Murphy, both of Andalusia, for appellee.

A contract is not binding upon one until binding upon all. 70 Ala. 144; 5 Stew. & P. 264, 26 Am. Dec. 344. The order of September 8, 1917, was incomplete, and the contract was not made until the exchange of telegrams on October 20th. 204 Ala. 415, 85 South. 723; 138 Ala. 235, 35 South. 46; 117 Ala. 480, 23 South. 67. The contract was modified by the telegrams. 201 Ala. 607, 79 South. 39, L. R. A. 1918F, 667; 9 Ala. App. 178, 62 South. 564; 14 Ala. App. 170, 68 South. 716; 202 Ala. 366, 80 South. 448; 147 Ala. 629, 41 South. 675.

MILLER, J. Owensboro Wagon Company files suit on common counts against Benton Mercantile Company for $166.30, balance due on a carload of wagons sold by plaintiff to the defendant. The case was tried by the court without a jury. There was judgment in favor of the plaintiff. This judgment rendered by the court, and the introduction of copies of telegrams and letters written and sent by plaintiff to the defendant are assigned as errors by the defendant. This case has been before this court before, and is reported in 204 Ala. 415, 85 South. 723.

On September 8, 1917, plaintiff's salesman and defendant entered into an agreement subject to approval of plaintiff, to purchase

10 to 40 wagons to be shipped October 1, the defendant to furnish the specifications; terms, note due at six months net or in cash less a discount of 5 per cent., if paid within December 1st. It was approved by plaintiff. On September 27, 1917, defendant made out an order giving the specifications for the wagons, and on it, in lieu of "notes due at six months net or in cash less discount of 5 per cent., if paid within December 1st," as in original order, appears, "agree to settle for the above by February 1, 1918, net or five per cent., thirty and ninety days, notes due at less five per cent., one-third January 15, 1918, one-third April 1, 1918, one-third June 1, 1918," with blue pencil mark through said words, "less five per cent. one-third January 15, 1918, one-third April 1, 1918, one-third June 1, 1918." There was evidence that these words were in this contract when sent to plaintiff, and plaintiff ran blue pencil through them and wrote this in lieu of it," by February 1, 1918, net or five per cent. thirty or ninety days." There was also evidence that this contract contained no terms of sale. This new order contained a provision that it was subject to approval of plaintiff. This order was not approved by plaintiff. On October 3, 1917, plaintiff wrote defendant, "We cannot accept same," and the reasons assigned were the new and different terms inserted in it from the original order. This letter gave prices and terms on which the car of wagons would be shipped. On October 18, 1917, defendant wired plaintiff as follows:

"Ship car wagons when may we expect them."

October 20, 1917, plaintiff replied by wire to defendant:

"Can ship car three to four weeks ten per cent. advance over order September 27, terms per letter October third. Answer."

To this telegram defendant replied by wire October 20, 1917:

"Ship car wagons early as possible."

The plaintiff shipped the car of wagons to the defendant. Under the 10 per cent. advance referred to in the telegram the order amounted to $1,797.11. Defendant paid plaintiff on March 4, 1918, $1,540.97; a discount of $89.55 was allowed leaving a balance of $166.30 due plaintiff by defendant.

[1] An itemized account showing each item of the debits, the credits, and the balance due, $166.30, was filed by plaintiff with the complaint. It was verified by an affidavit of a competent witness before an authorized official, as the law requires. The complaint had these facts, and it being filed in court indorsed thereon as the statute directs. Its correctness, neither in whole nor in part, was denied by affidavit. It was competent testi-

mony. It was introduced in evidence and considered by the court. Section 3970, Code 1907, as amended by Act September 17, 1915 (Gen. Acts 1915, p. 600).

[2] The contract was not complete and binding on the parties, until all the terms and conditions were approved by them. Their minds must meet and concur on the entire subject-matter before the agreement is binding. As long as it is open to approval it is not binding. As long as it remained executory, it was subject to modification by mutual consent. Owensboro Wagon Co. v. Benton Merc. Co., 204 Ala. 415, 85 South. 723; Mobile Elec. Co. v. City of Mobile, 201 Ala. 607, 79 South. 39, L. R. A. 1918F, 667.

[3] Under the conflicting evidence it appears to us, and no doubt the court below so decided, that the contract was not consummated until the telegrams were exchanged between the parties. Then there was a mutual agreement. Then the proposals were fully accepted. Rider v. Wood, 138 Ala. 235, 35 South. 46. The two orders, the telegrams, the copies of the letters written by each party and mailed to the other, were competent evidence, as each related or referred to the trade, the terms, the conditions, the specifications or the balance due. Each sheds some light on the contract or when it was consummated.

[4] Mr. Hubbard, witness for defendant, testified:

"I have seen the copies of the letters that have been admitted that the plaintiff would testify that it wrote and sent but I stated to the court that I do not remember getting them. We possibly got them but I don't remember getting those. * * * We received telegrams from them, and we sent telegrams, asking and wanting to know when they were going to ship the wagons. * * * Mr. Jacob Benton is president of the Benton Mercantile Company, and he has access to the mail, but he does not handle much of it, nor does he hardly ever take the mail out of the box."

Mr. Hubbard is secretary and treasurer of the Benton Mercantile Company. The evidence showed that the original of each of the copies of said letters introduced in evidence was written by plaintiff, addressed to Benton Mercantile Company at Opp, Ala., postage prepaid. The post office address of defendant was Opp, Ala., and the letters were placed in the mail so addressed. The original letters and telegrams were material and relevant evidence, and under the testimony a copy of each was competent, and the court did not err in allowing them to be introduced in evidence by the plaintiff, the originals having been properly mailed to the defendant. Corry v. Sylvia y Cia, 192 Ala. 550, 68 South. 891, Ann. Cas. 1917E, 1052.

[5] The court did not err in refusing to let George R. Stuart, agent for plaintiff, answer this question:

"Had it been the custom of the Owensboro Wagon Company after a contract was signed to send out and get the specifications?"

He had testified that, after the first order for the car of wagons was sent to plaintiff, he went to see defendant to get the specifications called for in that order, which was given to him by defendant in the second order. It was immaterial what was the custom of plaintiff. Here the evidence disclosed what the plaintiff actually did in this transaction, and its custom in similar transactions with others was immaterial to the issues in this case. Custom cannot change an express contract. Loval v. Wolf, 179 Ala. 505, 60 South. 298.

[6] The court tried this case without a jury. Its eye saw and its ear heard the secretary and treasurer of the defendant, and the salesman of the plaintiff testify. The orders, telegrams and copies of the letters were before it for inspection. A part of the material evidence was in conflict. There was sufficient evidence to sustain its conclusion and judgment. Its finding on the facts has the same effect as the verdict of a jury. It should not be disturbed unless clearly wrong. It appears right from the evidence. Pinckard v. Cassels, 195 Ala. 353, 70 South. 153; McDonough v. Comm. State Bk., 15 Ala. App. 429, 73 South. 754; Code 1907, § 5359.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.