(121 So. 456)

### DANZEY v. DOTHAN GUANO CO.
### (4 Div. 445.)

Court of Appeals of Alabama. April 2, 1929.

Lee & Tompkins, of Dothan, for appellant.

D. C. Halstead, of Headland, for appellee.

SAMFORD, J. <span></span> The duty of passing upon the evidence in this case rests primarily with the trial judge, who heard this case, without a jury. He had all the parties before him, and we therefore resolve all

doubts in favor of his finding. Benton Mercantile Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784. Having done this, what is there to sustain his finding? This is a claim suit growing out of a suit in detinue between plaintiff and one C. S. Danzey, the father of claimant. The plaintiff's claim is based upon a mortgage executed by C. S. Danzey on February 19, 1927, and duly recorded in the office of the judge of probate on the same day. This mortgage purports to convey title to the truck and motorcar here sued for and other property. There is no question as to the bona fides of this mortgage. Claimant introduced, without objection, a mortgage executed by C. S. Danzey, payable to claimant and to secure an expressed consideration of $400. This mortgage purports to convey to claimant the title to the Ford truck and touring car, was dated January 21, 1927, and duly recorded January 22, 1927. Both mortgages contained the powers usual in mortgages of this kind, and the law day of both mortgages had passed. The property was identified as being the property described in each mortgage. Claimant, testifying in his own behalf, testified that he had loaned his father the $400, the consideration named in the mortgage on the day the mortgage was executed; that he knew nothing of his father being indebted to plaintiff.

The preliminary burden resting on plaintiff having been discharged, the burden rested upon claimant to prove to the satisfaction of the court the bona fides of his title to the property claimed. This he undertook to do by the introduction of a mortgage duly executed and recorded antedating plaintiff's mortgage by 30 days and expressing a consideration of $400. Of this mortgage plaintiff had legal notice at the time its mortgage was taken, and at which time plaintiff was not even a creditor of defendant. The court therefore must have reached the conclusion that the consideration of claimant's mortgage was fictitious. The unreasonable statements of claimant, as to how he acquired the money loaned and his handling of it from the time he claims to have acquired it and how and when he let his father have it, were sufficient to convince the trial judge that the whole claim was fabricated, and from this record we cannot say that such conclusion was so wrong as to warrant a reversal.

Let the judgment be affirmed.

Affirmed.