(83 South. 486)

## DOWLING–MARTIN GROCERY CO. v. J. C. LYSLE MILLING CO.
(4 Div. 808.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. SALES ⬡➡81(5)—EFFECT OF CONTRACT FOR SALE OF FLOUR WITHOUT SPECIFICATION OF TIME FOR DELIVERY.

Where there was a purchase of flour, sale awaiting buyer's shipping directions, law implied: First, a reasonable time within which direction for delivery should be given or payment made, which time was of the essence; second, that the seller was under no obligation to ship until the buyer had given directions or payment had been made and accepted; and, third, that failure or refusal of the buyer to direct shipment or indicate its willingness to accept the flour within a reasonable time relieved the seller of any obligation to deliver.

2. SALES ⬡➡182(1) — REASONABLE TIME FOR PERFORMANCE QUESTION OF FACT OR LAW.

What is a reasonable time for performance of a contract of sale is determined by the circumstances of the case, and is a question of fact or of law, being a question of fact if dependent on disputed facts extrinsic to the contract, and a question of law if it depends on the construction of the contract and undisputed extrinsic facts.

3. SALES ⬡➡93—ABANDONMENT OF CONTRACT AS DISTINGUISHED FROM RESCISSION NOT REQUIRING NOTICE.

Rescission of a contract, as of sale, is dependent on affirmative action, required under proper circumstances by one of the parties, of notice to the other that within a reasonable time the contract will be terminated for failure to deliver, discharge, perform, or do the thing or service as stipulated, and if there is no such affirmative act required by law or the nature of the contract, and the time, as expressed or implied, within which the contract must be performed, expires, there is an abandonment by both parties, and no notice is required.

4. PLEADING ⬡➡34(4) — CONSTRUCTION OF CONTRACT AGAINST PLEADER.

The terms of a contract sued on and averred or made a part of the several counts of the complaint must be construed most strongly against the pleader.

5. SALES ⬡➡81(5) — FAILURE OF BUYER OF FLOUR TO MAKE PAYMENT OR REQUIRE DELIVERY WITHIN REASONABLE TIME RELEASES SELLER.

Where grocery company ordered flour of a milling company without specification of time for delivery, and did not within a reasonable time direct or request shipment of the flour or any part, but two months later suggested by letter that it would be glad to have a certain routing followed in shipping the flour, and nearly a month after the letter wired the milling company to ship at once, there was no obligation on the milling company to deliver; the grocery company not having required delivery or made payment within reasonable time.

6. APPEAL AND ERROR ⬡➡1079—ASSIGNMENTS NOT SUFFICIENTLY INSISTED ON WILL NOT BE CONSIDERED.

Assignments of error which are not sufficiently insisted on in argument will not be considered.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for breach of contract begun by attachment by the Dowling-Martin Grocery Company against the J. C. Lysle Milling Company. From judgment sustaining demurrers to the complaint, plaintiff appeals. Affirmed.

The following telegrams and letters are directed to be set out:

"Jan. 4, 1917. The J. C. Lysle Milling Company, Leavenworth, Kansas. Wire quick best price White Crest.
"Dowling-Martin Grocery Company."

Telegram:
"Jan. 4, 1917. Dowling-Martin Grocery Co., Ozark, Ala. Quote White Crest $10.80 basis cotton delivered. J. C. Lysle Milling Co."

Letter:
"Jan. 4, 1917. Dowling-Martin Grocery Co., Ozark, Ala. Received your wire asking for price on Crest, and we promptly wired you as per the inclosed telegram, which we now beg to confirm. The wheat market has made a tremendous advance, having gone up over one dollar per barrel in the last week.
"J. C. Lysle Milling Co."

Telegram:
"Jan. 8, 1917. J. C. Lysle Milling Co., Leavenworth, Kansas. Wire best price White Crest. Do your best for we are having to meet Malone price.
"Dowling-Martin Grocery Company."

Telegram:
"Jan. 8, 1917. Dowling-Martin Grocery Co., Ozark, Ala. Cannot quote lower than last price named. J. C. Lysle Milling Company."

Telegram:
"Jan. 8, 1917. J. C. Lysle Milling Co., Leavenworth, Kansas. Book two cars.
"Dowling-Martin Grocery Company."

Letter:
"Jan. 10, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We overlooked confirming the acceptance we received late Monday evening for two cars of flour on the basis of $10.80 for White Crest in cotton delivered Ozark. We are very much pleased to receive this contract and now await your shipping directions. The wheat market is very strong and we look for very much higher prices. Soliciting the continuance of your valued favors, we beg to remain, J. C. Lysle Milling Company."

Letter:
"March 8, 1917. J. C. Lysle Milling Company, Leavenworth, Kansas. Unless otherwise instructed, we would be glad when forwarding our shipments of flour if you can consistently observe the following routing: via Southern Railway System to Atlanta, A. & W. P. to

---

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Montgomery, care A. C. L., which will be very much appreciated.

"Dowling-Martin Grocery Co."

Telegram:

"March 8, 1917. J. C. Lysle Milling Company, Leavenworth, Kan. Wire best price on White Crest. Dowling-Martin Grocery Co."

Telegram:

"Mar. 28, 1917. Dowling-Martin Grocery Co., Ozark, Ala. White Crest worth $11.05 today. J. C. Lysle Milling Co."

Letter:

"March 28, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We received your wire requesting us to quote you price on White Crest. We promptly wired you as per the inclosed message, which we beg to confirm. The market is very strong and continues to advance.

"J. C. Lysle Milling Co."

Telegram:

"March 30, 1917. J. C. Lysle Milling Co. Leavenworth, Kan. Ship at once on contract two hundred forty sacks forty-eights, twelve hundred sacks twenty-fours White Crest, same route. Rush shipment.

"Dowling-Martin Grocery Co."

Telegram:

"March 30, 1917. Dowling-Martin Grocery Co., Ozark, Ala. Telegram received. Your contract expired March 8, 1917. Price to-day $11.50 Crest. Shall we ship?

"J. C. Lysle Milling Co."

Letter:

"March 30, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We received your wire this morning with specifications for car of flour, which you requested us to ship on your contract. We find on reference to our orders that this car of flour was booked for you for sixty days' shipment, and that the contract expired March 8. We answered promptly as per inclosed message, which we beg to confirm. We regret that you did not see your way clear to order out this flour within the contract period.

"J. C. Lysle Milling Co."

Telegram:

"March 30, 1917. J. C. Lysle Milling Co. Leavenworth, Kan. Answering wire, think you should have advised that you were canceling. Confirmation did not specify the date of expiration contract. We insist that you ship at contract price. Answer.

"Dowling-Martin Grocery Co."

Telegram:

"March 30, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We never book for shipment over sixty days and cannot accept directions now. J. C. Lysle Milling Co."

Letter:

"March 30, 1917. Dowling-Martin Grocery Co., Ozark, Ala. Received your second wire in regard to the flour we booked for you in January, and we answered promptly that we never book flour for more than sixty days' shipment, and we therefore, cannot receive this booking at this late date. We regret very much, in view of the very strong advance of the market, that you did not order the flour out within the period of sixty days. J. C. Lysle Milling Co."

Telegram:

"April 28, 1917. J. C. Lysle Milling Co., Leavenworth, Kan. Wire best prices on White Crest.

"Dowling-Martin Grocery Company."

Letter:

"April 28, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We have your wire asking for price on White Crest to-day. We did not answer for the reason that we have withdrawn from the market, pending the settlement of the violent fluctuations that are now taking place. We regret that we are not in position to serve you. J. C. Lysle Milling Company."

Telegram:

"May 8, 1917. J. C. Lysle Milling Company, Leavenworth, Kan. Ship at once on contract one hundred and forty barrels White Crest in forty-eight sacks; three hundred barrels in twenty-four sacks. Ship at once, or we will buy for your account, charging you with difference. Dowling-Martin Grocery Co."

Letter:

"May 8, 1917. Dowling-Martin Grocery Co., Ozark, Ala. We have your wire to-day with specifications for three hundred and forty barrels flour which you state is due you on contract, and that if we do not ship, you will buy and charge same to our account. We suppose that you have reference to the two cars of flour you bought on Jan. 8th, but failed to take out in sixty days, our usual contract period. We will have to decline to honor your specifications, and if you think you can sustain your position in court, you of course are at perfect liberty to take any action that you desire. For you to come in four months after you made this purchase with specifications and expect us to reinstate the order, is something that we cannot see our way clear to do.

"J. C. Lysle Milling Co."

J. E. Z. Riley, of Ozark, and T. M. Espy, of Dotham, for appellant. Before plaintiff could be put in default because the contract does not specify the time of performance, the seller must give notice that unless performed within a reasonable time the contract will be rescinded. 128 Ala. 222, 29 South. 640; 8 Gill (Md.) 155, 50 Am. Dec. 678; 13 Gray (Mass.) 607, 74 Am. Dec. 658. Counsel discussed motion of appellee to dismiss, but in view of the opinion it is not deemed here necessary to set it out.

Farmer, Merrill & Farmer, of Dotham, for appellee. Counsel discussed and cite authority on their motion to dismiss the appeal, but it is not deemed here necessary to set it out. The purchaser was bound to order out this flour within a reasonable time, and this he did not do as is disclosed by the complaint. McFadden v. Henderson, 128 Ala. 221, 29 South. 640, and authorities there cited; 196 Ala. 335, 71 South. 687; 7 Ala. App. 358, 62 South. 254; 9 Cyc. 611; 157 Ala. 525, 48 South. 105; 112 U. S. 257, 5 Sup. Ct. 119, 28 L. Ed. 708; 115 U. S. 213, 6 Sup. Ct. 19, 29 L. Ed. 372; 146 Ala. 571, 40 South. 1018.

THOMAS, J. On the trial demurrer was sustained to the complaint, plaintiff declined to plead further, and defendant had judgment final.

Directing attention to the ruling on demurrer, it is pertinent to observe that Dowling-Martin Grocery Company sued J. C. Lysle Milling Company to recover damages for the breach of an executory contract in which the former purchased of the latter certain flour, to be delivered on orders or shipping directions. The contract, made on January 8, 1917, is set out in some counts, and its legal effect is averred in others. B. R., L. & P. Co. v. Littleton, 77 South. 565.[1] The letters and telegrams of January 4 to May 8, 1917, inclusive, constituting the contract and evidencing its alleged breach, set out in the complaint, will be embraced by the reporter of decisions in his statement of facts.

[1] It is averred that plaintiff ordered defendant to ship the flour on, respectively, March 30 and May 8, 1917, and that the latter declined to do so on the ground of unreasonable delay in complying with the terms of the contract and ordering the shipment made; further, that there was no time limit fixed by the parties within which defendant should ship the flour, or within which plaintiff would make payment therefor and order shipment. Defendant says that, no time limit for compliance being fixed, payment or direction and demand for shipment must be made by plaintiff within a reasonable time after making the contract; that defendant was only bound to deliver within a reasonable time after compliance and request for shipment. The averred correspondence confirming acceptance of the order contained defendant's specific statement that it awaited plaintiff's shipping directions. The contract relation of the parties, when the nature of the property dealt with is considered, was that the law implied: (1) A reasonable time within which direction for delivery should be given or payment of contract price made was of the essence of the contract; (2) that seller was under no obligation to ship until buyer had given shipping directions or until payment was made and accepted; (3) that the failure or refusal of buyer to direct shipment or indicate its willingness to accept the flour within a reasonable time after the booking of its order relieved the seller of any obligation to deliver the same.

[2] What is a reasonable time for performance of a contract is determined by the circumstances of the case, and is a question of fact or of law. McFadden v. Henderson, 128 Ala. 221, 230, 231, 29 South. 640; Copeland v. Union Nursery Co., 187 Ala. 148, 65 South. 834; Pratt Con. Coal Co. v. Short, 191 Ala. 376, 390, 68 South. 63; McGowin Lbr. & Exp. Co. v. Camp Lbr. Co., 77 South. 433, 436;[2] Elliott on Contracts, § 1552; Parsons on Contr.

vol. 2 (9th Ed.) p. 813; Addison on Contr. § 578. If dependent upon disputed facts, extrinsic to the contract, the reasonable time becomes a question of fact, and when it depends upon the construction of a contract and undisputed extrinsic facts, it is a matter of law. Cotton v. Cotton, 75 Ala. 345, 347; Harris v. Free, 6 Ala. App. 113, 119, 60 South. 423; Drake v. Goree, 22 Ala. 409; Comer v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; Griffin v. Ogletree, 114 Ala. 343, 21 South. 488; Alford v. Creagh, 7 Ala. App. 358, 62 South. 254. Mr. Elliott said:

"In the absence of a stipulated time for delivery, the law prescribes a reasonable time, and what is a reasonable time is a question of fact, * * * to be determined by the circumstances of each case" (Contracts, vol. 2, § 1552), and (section 1557) that, though time may be made, by express stipulation of the parties, of the essence of a contract for sale, "it may arise by implication from the very nature of the property, or the avowed objects of the seller or the purchaser."

This was the view announced (in 1840) by Mr. Justice Story in Taylor v. Longworth. 14 Pet. 172, 174 (10 L. Ed. 405); Waterman v. Banks, 144 U. S. 394, 403, 12 Sup. Ct. 646, 36 L. Ed. 479; Oklahoma Vinegar Co. v. Hamilton, 132 Ala. 590, 595, 32 South. 306.

Our McFadden v. Henderson, supra, is relied upon by both parties here. Mr. Justice Haralson quotes approvingly from Addison's Contracts, § 578, that, "if the time appointed for delivery or payment is not of the essence of the contract, the delivery and payment must be made within a reasonable time after notice and request of performance; and if no time at all has been appointed for the performance of these acts, the vendor is bound to deliver within a reasonable period after request and tender of the price, and the purchaser must in like manner accept the goods and pay for them on delivery, or offer of delivery being made by the vendor; and if the contract is not sought to be carried into effect within a reasonable period, either on the part of the vendor or the purchaser, it is deemed to be dissolved and abandoned by mutual consent," and from Monroe v. Reynolds, 47 Barb. (N. Y.) 574, 579, that in all cases where time is not necessarily of the essence of the contract, the seller wishing to "have the contract either performed or abandoned, must go further, and by some demand, offer on his part, or notice, put the purchaser to a refusal to perform, before he can treat the contract as having been rescinded by the purchaser," and from Higby v. Whittaker, 8 Ohio, 198, 201, that "the law requires some positive act by the party who would rescind, which shall manifest such intention, and put the opposite party on his guard, and then give a reasonable time to comply."

---

[1] 201 Ala. 141.      [2] 16 Ala. App. 283.

To an understanding of McFadden v. Henderson, supra, it should be noted of Monroe v. Reynolds, supra, that the justice was discussing a case where the purchaser paid in advance a part of the purchase price, contracted to pay the residue at a subsequent date specified, and had made default in the deferred payment. Held that the failure to pay on the subsequent date, without more, was not such a breach as to authorize the other party to treat the contract as abandoned. The justice observed, "This is so in all cases where time is not necessarily of the essence of the contract. The seller, in such a case, if he wishes to have the contract either performed or abandoned, must go further; * * *" and he concluded with the excerpt hereinabove set out from the McFadden Case. In Higby v. Whittaker, supra, the question was whether, when a part of the purchase money on land was paid, and default was thereafter made in subsequent payments, the seller could rescind the contract without refunding the purchase money so paid. Time not being of the essence of the contract, that court observed that the law required some positive act by the party who would rescind (for failure of payment of the balance of purchase money) that would manifest the intention to rescind unless payment was completed forthwith. An examination of the facts of the McFadden Case will show that on November 20, 1899, defendant sold plaintiff a lot of cotton without specific stipulation as to the date of its delivery. On the date of sale in a telegram of acceptance the seller said, "Come at once we want the money out of it and the insurance stopped," to which the purchaser replied, "Man will be down as soon as possible." Under such facts, as to the time of compliance, and the nature of the commodity made the subject of the contract, held that, though no time was stipulated for delivery, the law implied that the parties should perform their respective parts within a reasonable time. As to whether the respective parties were attempting to perform their respective contract obligations within a reasonable time, it was thought important by the justice writing for the court to note that until the morning of November 24th the seller indicated his willingness to deliver the cotton, but that at 10:20 a. m. on said date defendant wired to purchaser's agent, "You have no cotton with us." To all intents and purposes the respective contracting parties were doing what they could to consummate the sale and to make prompt delivery of the cotton, or to make delivery thereof within a reasonable time. Of this state of facts the court said:

"The defendants, under these circumstances, had no right of peremptory abandonment and rescission of the contract. The plaintiffs, in the absence of fault on the part of defendants, were bound by, and could not recede from, their bargain, nor could the defendants do so, without putting plaintiffs in default."

In Elliott v. Howison, 146 Ala. 568, 586, 587, 40 South. 1018, 1025, the action was for breach of contract as to the purchase of certain "pine piling," a part of which was delivered, time, expressed or implied, not being of the essence of the contract. The court said:

"Where a contract is silent as to the time within which its conditions or stipulations are to be performed, time is not ordinarily deemed to go to the essence of the contract, unless it naturally follows from the circumstances of the case. And the party upon whom the duty of performance rests must be allowed a reasonable time within which to discharge his obligations under the contract."

The two passages from Monroe v. Reynolds, supra, and Higby v. Whittaker, supra, were again quoted, and the observation indulged that—

"It seems to be the rule of our court, then, that where the rescission is not by mutual consent, and the opposite party has not repudiated the contract, to effect rescission, notice of the rescission must be brought home to the opposite party and reasonable time must be given him after the notice to comply."

The averred facts thus made the subject of discussion showed a delivery or attempted delivery of "thirty-two piles shipped," and:

"That the defendant did not * * * rely solely upon the failure of the piles shipped to conform to the description in the contract as the ground for rescission, but upon the further facts averred in the pleas with respect to the deficiency of the piles pointed out to his agent on the 28th of August."

[3] In the Elliott Case our court was dealing with rescission because of failure to deliver pilings of the quality or number stipulated under a contract where time, expressed or implied, was not of its essence. The instant case turns, not upon the question of a party's right to rescind because of failure to deliver the kind or quality of flour purchased, but upon the fact of abandonment of the contract by the parties on account of the lapse of a reasonable time within which performance was required by law; that is to say, of a case where the contract expired by the implication arising in reference thereto from the nature of the property made its subject and the avowed object of the contracting parties. Without intending to give a comprehensive definition of rescission, it may be said that rescission of a contract is dependent upon affirmative action required, under proper circumstances (Bannister v. Read, 1 Gilman [Ill.] 92, 99, 100; Bryant v. Isburgh, 74 Am. Dec. 655, 658, note), by one

of the parties of notice to the other that within a reasonable time thereafter the contract will be terminated for failure to deliver, discharge, perform, or do the thing or service as stipulated. If there is no such affirmative act required (by the law or the nature of the contract) to be taken, and the time as expressed therein or implied by law within which the contract must be performed expires, there is an abandonment of the contract by both parties, and no notice of treating it as such is required.

The case of McFadden v. Henderson, supra, is cited in Lowy v. Rosengrant, 196 Ala. 337, 341, 71 South. 439, 441, as supporting the text that the failure of a seller to deliver on time (there being required delivery of red oak staves within a reasonable time, and a time limit fixed in the contract as to delivery of the white oak staves and which were declined of acceptance by the purchaser—

"confers upon the buyer the option to either treat the contract as terminated, or waive the time limit and insist on the delivery, within a reasonable time. After the buyer has waived the time limit and insisted on delivery under the contract, he cannot put the seller in default without first giving notice of his desire to receive * * * the delivery after notice. * * * When the seller fails to make deliveries, and time is of the essence of the contract, the buyer is under no duty to give notice of his rescission for such nondelivery under the contract. * * * When a breach occurs, an election must be made as between treating the contract as dissolved in toto and insisting upon further performance. The choice is made once for all."

It will be observed that Lowy v. Rosengrant, supra, does not overlook the distinction on which the cases depend—the right of one of the parties to rescission of a contract on notice, and the discharged or dissolved obligations of the parties, where the contract is terminated by law or abandoned by mutual consent. The pertinent facts averred in the Lowy Case are that the subject of the contract was of two classes of claret staves purchased for export—red oak staves of more than $7,000 in value, required to be delivered within a reasonable time after the execution of the contract, and which were delivered and accepted, and white oak staves required to be delivered before August 1, 1914, and which before that date defendants declined to receive, retaining the purchase price of the red oak staves so accepted. That suit was not for a breach of the contract of purchase, but for the recovery of the balance of purchase price of $7,000 of the red oak staves delivered by plaintiff and accepted by defendants as part performance of the contract, a provision of which was that "the defendants should retain out of the purchase price for said red oak staves the sum of $7,000, to be held back by them

until the delivery of all of the said 36-inch white oak French claret staves." The judgment for plaintiff for this balance due on the purchase price of the red oak staves was affirmed, and in that opinion this court cited with approval McFadden v. Henderson, supra, and Elliott v. Howison, supra, and used the language we have quoted.

The argument of appellant is that, although no time for performance is mentioned in the contract, and a reasonable time for performance had elapsed from the making of the contract to the date when plaintiff ordered shipment of the flour, the contract was of binding effect for the reason that defendant mill company had not notified the buyer that it had the specific quantity and quality of flour to the credit of the plaintiff, and that, unless the same was ordered shipped within a reasonable time, defendant would rescind the contract or treat it as terminated. We do not agree with this statement of the contract relation or obligation arising therefrom. Alford v. Creagh, 7 Ala. App. 358, 373, 62 South. 254. It may be that the foregoing would be the correct rule to be applied if the facts had been that the grocery company had ordered the flour shipped or stipulated the date of shipping on making the contract, and defendant mill company had shipped a portion of the flour of a grade different from that contracted, and had notified the purchaser that it had other flour of like grade to ship on its contract. Under such circumstances it would become the duty of the grocery company, desiring to terminate the contract within a reasonable time, to give the mill company notice of such intent, and the latter would have a reasonable time to procure and deliver flour of the quantity and quality sold, and, failing for such reasonable time so to do, the contract would be terminated. In effect, this is the holding in the Elliott-Howison Case, supra, where time was not of the essence of the contract.

[4, 5] Construing the terms of the instant contract averred or made a part of the several counts of the complaint most strongly against the pleader (Nat. Park Bank v. L. & N. R. R. Co., 74 South. 69, 79;[3] Union Cemetery Co. v. Jackson, 188 Ala. 599, 603, 65 South. 986; Shanan v. Brown, 179 Ala. 425, 434, 60 South. 891, 43 L. R. A. [N. S.] 792), it must be said that it became and was plaintiff's averred contract obligation or duty to make payment for the flour, or make arrangement satisfactory to defendant for the contract price, and order its shipment within a reasonable time after January 8, 1917. The contract disclosed by the pleading fails to show that plaintiff directed or requested shipment of the flour or any part thereof within a reasonable time after the meeting

---

[3] 199 Ala. 192.

of the minds of the parties. The first instruction averred in the pleading was the letter (conceding its proper posting to have been sufficiently averred) by plaintiff to defendant of date March 8, 1917, as follows:

"J. C. Lysle Milling Co., Leavenworth, Kan. Unless otherwise instructed, we would be glad when forwarding our shipments of flour, if you can consistently observe the following routing; via Southern Railway System to Atlanta, A. & W. P. to Montgomery, care A. C. L., which will be very much appreciated. Dowling-Martin Grocery Co." .

And the telegram of March 30, 1917:

"J. C. Lysle Milling Co., Leavenworth, Kan. Ship at once on contract two hundred forty sacks forty-eights, twelve hundred sacks twenty-fours white crest, same route. Rush shipment. Dowling-Martin Grocery Co."

Such averred facts do not show the duty and a breach thereof (B. R., L. & P. Co. v. Littleton, supra, 77 South. 573[4]) on the part of and by the defendant to ship the flour in question on and by plaintiff's order or direction, as was sought to be insisted upon by this suit. The demurrer to the several counts of the complaint was properly sustained by the trial court.

[6] We have not considered assignments of error based on ruling on demurrer to the amended complaint, filed July 6, 1918, attempting to set up a usage or trade, for the reason that such assignments are not sufficiently insisted on in argument. This is in consonance with the rule given expression in Georgia Cotton Co. v. Lee, 196 Ala. 599, 604, 72 South. 158; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 South. 604; Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 South. 712; Johnson v. State, 152 Ala. 93, 44 South. 671; Howton v. Mathias, 197 Ala. 457, 73 South. 92; L. & N. R. R. Co. v. Dickson, 15 Ala. App. 423, 73 South. 750; Talley v. Whitlock, 73 South. 976;[5] Southern States Fire Ins. Co. v. Kronenberg, 74 South. 63, 68;[6] L. & N. R. R. Co. v. Blankenship, 74 South. 960, 965;[7] People's Sav. Bank v. Jordan, 76 South. 442;[8] Ala. Power Co. v. Hamilton, 77 South. 356, 363;[9] Adams Hardware Co. v. Wimbish, 78 South. 902;[10] Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 South. 476.

Having decided the question of merit presented by appropriate assignments of error and argument of counsel on which submission was had, it is not necessary to pass on the motion to dismiss the appeal. However, the record shows that at the first call of the division the case was docketed in this court on certificate and duly continued on motion

[4] 201 Ala. 141.
[5] 199 Ala. 28.
[6] 199 Ala. 164.
[7] 199 Ala. 521.
[8] 200 Ala. 500.
[9] 201 Ala. 62.
[10] 201 Ala. 548.

to the June call, when the transcript was filed and submission was had on the merits.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.