**BRENARD MFG. CO. v. McCARTY DRUG CO. et al.** (4 Div. 155.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Appeal and error** ⚖=1043(6) — **Sustaining objection to interrogatories to plaintiff in deposition held without error, in view of answer to other question submitted.**

Where plaintiffs' witness testified that they had been ready at all times since approval of printed order to deliver goods bought and named in order, at their earliest convenience, sustaining defendant's objection to plaintiff's propounded interrogatories in deposition as to whether plaintiff shipped goods at its earliest convenience, and as to why they were unable to deliver goods earlier, was without error.

2. **Depositions** ⚖=44—**Sustaining objection to interrogatory calling for inference or finding of fact for jury held without error.**

There was no error in sustaining objection to interrogatory propounded to plaintiff's witness in deposition as to whether plaintiff ever failed to do anything required by written order; that being an inference or finding of fact for jury.

3. **Evidence** ⚖=413—**Parol evidence as to advance in price held not to vary written contract.**

Whether seller, before delivery under written contract, wrote buyer that sales price had been advanced, was material, in suit by seller, and defendant's testimony that he received notice of advance did not vary terms of writing.

4. **Evidence** ⚖=450(8)—**Parol evidence explaining indefinite time of delivery held properly received as explaining indefinite term.**

Where written contract was that plaintiff would deliver goods at earliest convenience, defendant's testimony, that plaintiff's agent who solicited order stated that buyers would get machines at seller's earliest convenience, to be delivered in 15 days, was admissible as explaining indefinite term.

---

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the Brenard Manufacturing Company, composed of Theodore O. Loveland and James L. Records, against the McCarty Drug Company and C. G. McCarty. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Affirmed.

Defendant executed an order to, or contract with, plaintiff (a part of which is set out in the opinion) for the purchase of certain talking machines and records, and executed six promissory notes for the price of the goods, payable monthly. The order or contract contained this stipulation:

"If my commission from the sale of Claxtonolas, under this contract, does not equal at least $374.64, you will either pay me the difference in cash or repurchase these Claxtonolas and records, if returned to you in good order, and pay me $374.64 for same, and will send your bond for $374.64 to protect me in the conditions of this contract."

Defendant executed and delivered to defendant a bond, bearing even date with the order contract, upon the conditions set forth in the order contract.

Plaintiff offered in evidence the deposition of Theodore O. Loveland (one of the partners). This witness testified that the order contract and notes in question were received and accepted by the plaintiff, and that one of the machines ordered was delivered to carrier for shipment to defendant on September 25, 1919; that the remainder of the order was never shipped, for the reason that defendant undertook to cancel the order, and that no part of the notes has been paid by defendant. This witness attached as exhibits to his deposition a letter from defendant, dated December 4, 1919, stating that the machine shipped was finally received, but was defective, and complaining of the delay in shipment, a copy of defendant's reply, dated December 9, 1919, directing the return of the "barrel spring" for repair, and a letter from plaintiff, dated January 5, 1920, stating that defendant was returning the machine received, and directing cancellation of the order. This witness testified, further, that the machine was returned, but that plaintiff refused to accept it in settlement of its claim against the defendant.

Interrogatories 16 and 17, propounded to this witness, and to which objections were sustained, are as follows:

"(16) Did plaintiff ship to defendants one Claxtonola and some records at plaintiff's earliest convenience, after accepting the written order from defendants? Why were you not able to deliver the goods earlier?"
"(17) Was plaintiff preparing to deliver to defendants, at its earliest convenience, the balance of the goods and articles bought by defendants in their written order at the time plaintiff received the letter of defendants, dated January 5, 1920?"

Objection was also sustained to the twenty-third interrogatory propounded to this witness, quotation of which appears in the opinion.

Defendant testified that the one machine was received the latter part of October; that the spring in it was broken; that this fact was made known to plaintiff by letter; that no other machines were shipped; and that the one received was returned in January. Over plaintiff's objection, defendant McCarty testified that he received a notice from plaintiff of an advance in the price of the machine received, from $125 to $150.

McClintock & Byrd, of Dothan, for appellant.

Parol evidence is not admissible to add to, alter, or vary the terms of a written contract. Thomas v. Irvine, 171 Ala. 332, 55 So. 109; Miles v. Sledge, 157 Ala. 528, 47 So. 595; Jones Cot. Co. v. Snead, 169 Ala. 566, 53 So. 988; L. & N. v. Williams, 5 Ala. App. 615, 56 So. 865, 59 So. 673; N., C. & St. L. v. Farrel & Braley, 14 Ala. App. 380, 70 So. 986; Jones v. Bank, 206 Ala. 203, 89 So. 437; Formby v. Williams, 203 Ala. 14, 81 So. 682; White v. Kahn, 103 Ala. 308, 15 So. 595.

Mullins & Martin, of Dothan, for appellees.

As to admission of parol evidence in this case, counsel cite J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696; Brenard Mfg. Co. v. Jacobs & Padgett, 202 Ala. 7, 79 So. 305; Worthington v. Eggler, 210 Ala. 535, 98 So. 788; Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191.

THOMAS, J. [1] The contract of the parties on which the notes were based, and the consideration therefor, contained, among other things, the following:

"The Brenard Manufacturing Company, Iowa City, Iowa—Gentlemen: Upon your approval of this order and agency contract to deliver to me at your earliest convenience, f. o. b. factory or distributing point, the articles mentioned below, in payment for which I herewith hand you my notes, aggregating $374.64, which you are to cancel and return to me, if agreement is not approved by you. * * * Unusual delays from strikes, fires, accidents, or other causes beyond our control, shall extend to this agreement for a like period. * * *
                    "McCarty Drug Co.
         "By C. G. McCarty, Authorized Buyer."

Plaintiff should have been permitted to propound, and to have had answered, interrogatories 16 and 17.

The sustaining of defendants' objections to said interrogatories was without error. Plaintiff's witness was permitted to testify:

"We have been ready at all times since the approval of the printed order to deliver to the defendant all the goods bought by the defendant and named in the said printed order, Exhibit A, at our earliest convenience."

This embraced the questions of fact called for by said interrogatories under the written contract of the parties.

[2] The question (twenty-third), "Has plaintiff, in any way, ever failed to do anything required by said written order?" called for the inference or finding of fact by the witness that the jury should draw or find. This was the issue being tried.

[3] The contract of the parties was evidenced by the writing in question. It was a material inquiry whether the plaintiff, before delivery was completed, wrote defendants that the sales price of the instrument had been advanced beyond that named in the contract. This parol testimony was not varying the terms of the writing, but tended to shed light upon the issue of breach vel non of the contract, and of plaintiff's bond to defendants. This ruling is not contrary to the well-established rules (and declared exceptions thereto) as to varying written contracts by parol evidence. Formby v. Williams, 203 Ala. 14, 81 So. 682; Jones v. First Nat. Bank, 206 Ala. 203, 89 So. 437; White v. Kahn, 103 Ala. 308, 15 So. 595.

[4] Defendants were permitted to testify, against due objection of plaintiff, that the agent of plaintiff, who solicited the order and made the written contract with defendants, "* * * stated to me [the defendant McCarty] that I should get the machines at their earliest convenience, to be delivered in 15 days." Had the contract specified the time for delivery (Dowling-Martin Gro. Co. v. J. C. Lysle Mill. Co., 203 Ala. 491, 83 So. 486) the evidence called for would have violated the well-recognized rule preventing the varying by parol of the express terms of the written contract. However, the contract of the parties was that plaintiff would deliver at their "earliest convenience"; a reasonable time, under the circumstances of the case. Dowling-Martin Gro. Co. v. J. C. Lysle Mill. Co., supra. It was material and important for the jury to know the circumstances of the case and how the parties understood this indefinite term of the contract. It was dependent upon the disputed facts, was a question of fact for the jury, and resort was properly had to parol testimony. Dowling-Martin Gro. Co. v. J. C. Lysle Mill. Co., supra; Smith v. Webb, 176 Ala. 596, 599, 600, 58 So. 913, 40 L. R. A. (N. S.) 1191.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.